IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MILLS VAN LINES, INC., ) | |
| ) | Case No. 1:06-CV-00342 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | Magistrate Judge |
| PRUDENTIAL REAL ESTATE AND ) | William H. Baughman, Jr. |
| RELOCATION SERVICES, et al., ) | |
| ) | |
| Defendants. ) | MEMORANDUM AND ORDER |
| ) | |

Before the court is plaintiff Mills Van Lines, Inc.'s ("Mills") motion to remand this case back to the Cuyahoga County Court of Common Pleas [Docket No. 8]. This case was originally filed in that court on February 11, 2005, but was removed by defendants Prudential Real Estate and Relocation Services, Prudential Residential Services Limited Partnership (now Prudential Relocation, Inc.), Prudential Homes Corporation and Prudential Financial (collectively, the "Prudential defendants") on the basis of diversity jurisdiction on February 13, 2006. Mills is an Ohio corporation, with its principal place of business in Ohio. All of the Prudential defendants are businesses incorporated and with their primary places of business in states other than Ohio. Mills also sued two additional defendants in the state court action-- Hardy Jackson ("Jackson"), an Arizona resident, and Christopher Sperry ("Sperry"), an Ohio resident. Mills, however, did not serve the state court complaint on either Jackson or Sperry within one year of filing the state court complaint and has, to this date, not served either Jackson or Sperry.

In its notice of removal, the Prudential defendants presented two arguments. First, they argued that because Mills had not served Sperry within one year of the filing of its complaint, the operation of OHIO R. CIV. P. 3(A) resulted in Sperry's automatic dismissal, creating complete diversity, so that the Prudential defendants could remove this action under 28 U.S.C. § 1446. Alternatively, the Prudential defendants argued that Sperry had been fraudulently joined to destroy complete diversity, and the case could be removed in spite of his presence. In its motion for remand, Mills argues that the Prudential Defendants' notice of removal was untimely under 28 U.S.C. § 1446(b) and that Sperry was not fraudulently joined, requiring remand of this case back to the Cuyahoga County Court of Common Pleas.

Mills argues that the notice was untimely because the Prudential defendants did not remove the action within thirty days of its filing, as required by 28 U.S.C. § 1446(b), and that the "other paper" attached to the notice of removal, the print-out of the state court docket, is not "other paper" sufficient to trigger Section 1446(b)'s second clock, which allows an action not initially removable to be removed "within thirty days after receipt by the defendant . . . of . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The court, however, need not address that particular question, because the court finds that the case was not removable on the basis of diversity jurisdiction at the time it was removed.

The Prudential defendants' argument in favor of removal is this: (1) Sperry was not served within one year of the filing of the state court action, so OHIO R. CIV. P. 3(A) automatically dismissed him from the case; (2) the Prudential defendants "learned" of this dismissal when they saw that Sperry had not been served, and the year expired on Saturday, February 11, 2006; (3) the Prudential defendants then filed their notice of removal on Monday, February 13, 2006, the next business day after the

-2-

expiration of the time to serve Sperry; and (4) that filing of the notice of removal on Monday falls within 28 U.S.C. § 1446(b)'s one-year time limit for removals on the basis of diversity jurisdiction, even though "a case may not be removed on the basis of [diversity] jurisdiction . . . more than 1 year after commencement" because FED. R. CIV. P. 6(a) states that if the "last day of the period" falls on a Saturday, Sunday or holiday, the last day shall then become the next business day, which was Monday, February 13, 2006.

The problem with the Prudential defendants' argument is that it ignores the operation of OHIO R. CIV. P. 6(A), which contains the same computation of time limitations as the federal rule. In other words, because OHIO R. CIV. P. 3(A)'s one-year deadline for service of Sperry fell on Saturday, February 11, 2006, OHIO R. CIV. P. 6(A) extended the deadline for service to Monday, February 13, 2006- - the next business day. Therefore, OHIO R. CIV. P. 3(A) did not automatically dismiss Sperry until the end of the day on Monday, February 13, 2006, making Tuesday, February 14, 2006 the first day on which Sperry was no longer part of the action. Because the Prudential defendants filed their notice of removal before Sperry was automatically dismissed, the case was not completely diverse at the time of removal, and therefore must be remanded back to state court.

The court notes the curious interaction between 28 U.S.C. § 1446(b)'s one-year time limit for removal of diversity cases and OHIO R. CIV. P. 3(A)'s automatic dismissal if a defendant is not served within one year, but cannot escape the result. By filing its notice of removal on Monday, February 13, the Prudential defendants filed while Sperry was still a party, even if he is not a party now, so the case was not completely diverse at the time of removal and must be remanded for lack of subject matter jurisdiction. If the Prudential defendants had filed their notice of removal on Tuesday, February 14, even though the case then would have been completely diverse because of Sperry's dismissal, the one-

-3-

year time limit of 28 U.S.C. § 1446(b) would prevent the court from accepting subject matter jurisdiction pursuant to 28 U.S.C. § 1332. In other words, unless Sperry was fraudulently joined to defeat complete diversity, the action must be remanded.

Regarding the Prudential defendants' argument that Sperry was fraudulently joined, if that were the case, then his presence would not defeat removal on diversity grounds. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). To establish fraudulent joinder, the Prudential defendants must establish that Mills did not have "at least a colorable cause of action" against Sperry in Ohio state court. *Id.* In its state court complaint, Mills alleges that it moved household goods for Sperry, a Prudential defendants' client in some capacity, that it was never paid for that service, and that Sperry and the Prudential defendants are jointly and severally liable to Mills for payment for that service. Because Mills seeks relief from Sperry directly, and because the services provided to Sperry were given as part of the larger arrangement between Mills and the Prudential defendants that led to this action, the court finds that Mills states "at least a colorable cause of action" against Sperry indicating that he was not fraudulently joined to defeat diversity jurisdiction. *Id.* at 908.

For those reasons, the court grants Mills' motion to remand [Docket No. 8], and remands this action to the Cuyahoga County Court of Common Pleas.

IT IS SO ORDERED.

      /s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: March 24, 2006**